JOANOS, Judge.
Appellant seeks review of a Department of Professional Regulation (DPR) final order rejecting his application for a real estate broker’s license. Smart’s earlier real estate broker’s license was revoked in 1977 when he was found guilty of attempted grand larceny by failing to escrow funds, with the adjudication of guilt being withheld. At a 1981 hearing to determine rehabilitation, a hearing officer concluded that Smart had met his burden of proof under Section 475.17, Florida Statutes (1979), that by lapse of time, subsequent good conduct and reputation, the public would not be hurt by his relicensure. In the final order appealed from, the Secretary of DPR found that sufficient time had not lapsed from the date Smart’s license was revoked, rejecting the hearing officer’s conclusion.
Smart contends that by rejecting the hearing officer’s finding, DPR is obligated to make a specific finding of what does constitute a sufficient lapse of time. DPR contends that it rejected a conclusion of law and, therefore, is not required to make specific findings.
Section 120.57(l)(b)9, Florida Statutes (1979), provides that an agency in its final order may reject or modify conclusions of law in the recommended order, but may not reject or modify the findings of fact unless determined from a view of the complete record, and it states with particularity, that the findings of fact were not based upon competent substantial evidence. In McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), in interpreting this statute this Court further stated that in cases where ultimate facts include opinions infused with policy insights, the agency is required to explain its action. Id. at 583.
We find that the determination of whether sufficient time has lapsed since the license revocation is an ultimate finding, which requires consideration of the underlying factual circumstances as gleaned from the transcript of the proceeding before the hearing officer and the application of agency policy. Therefore, DPR could not have made its final determination without reviewing the record. Accordingly, we REVERSE the order appealed from and REMAND for DPR to reconsider the hearing officer’s report and study the transcript of the hearing. Upon conclusion of those tasks, it should make a determination of the issues involved in this matter and render a new order setting out its determinations and appropriately explaining them.
LARRY G. SMITH, and SHAW, JJ., concur.